IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-07-40-GF-BMM-01 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| CHARLES GOOD SOLDIER, | |
| Defendant. | |

## I. Synopsis

Mr. Good Soldier was accused of violating his conditions of supervised release by failing to report to his probation officer as directed, consuming marijuana and methamphetamine, failing to participate in substance abuse testing, and failing to participate in substance abuse treatment. He admitted to the violations. Mr. Good Soldier's supervised release should be revoked. He should be sentenced to 12 months of custody, with no supervised release to follow.

## II. Status

Mr. Good Soldier pleaded guilty in 2008 to Assault Resulting in Serious Bodily Injury. Doc. 41. The offense consisted of Mr. Good Soldier stabbing a victim with a knife while intoxicated. Doc. 38 at 3. United States District Court Judge Sam E. Haddon sentenced Mr. Good Soldier to 63 months in custody and 36

months of supervised release. Doc. 51.

Mr. Good Soldier's first term of supervised release began on April 24, 2013. Doc. 54. In February 2014, Mr. Good Soldier's supervised release was revoked because he violated its terms by committing a new crime and consuming alcohol. United States District Court Judge Brian Morris sentenced Mr. Good Soldier to 12 months of custody, followed by 24 months of supervised release. Mr. Good Soldier began his current term of supervised release on November 26, 2014. Doc. 74.

**Petition**

On March 24, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Good Soldier's supervised release. Doc. 74. Based on the petition, Judge Morris issued a warrant for Mr. Good Soldier's arrest. Doc. 75. The Probation Office accused Mr. Good Soldier of violating Standard Condition 2 of his supervised release by failing to report to his probation officer as directed. The Probation Office accused Mr. Good Soldier of violating Standard Condition 7 of his supervised release by consuming marijuana and methamphetamine. The petition alleged Mr. Good Soldier violated Special Condition 1 of his supervised release by failing to participate in substance abuse testing. The petition also alleged Mr. Good Soldier violated Special Condition 2

of his supervised release by failing to participate in substance abuse treatment. Doc. 74.

**Initial appearance**

Mr. Good Soldier appeared before the undersigned on August 17, 2015, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Good Soldier said he had read the petition and understood the allegations. Mr. Good Soldier waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On August 17, 2015, Mr. Good Soldier appeared with Mr. Branom before the undersigned for a revocation hearing. Ms. Betley appeared on behalf of the United States. Mr. Good Soldier admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Good Soldier's supervised release.

Mr. Good Soldier's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 24

months, less any custody time imposed. The United States Sentencing Guidelines call for six to 12 months in custody.

The parties jointly recommended a sentence of 12 months of custody, followed by no supervised release. The parties argued this sentence would be sufficient to address the violation of the Court's trust and would be in the interests of justice. Mr. Good Soldier addressed the Court and agreed with the recommendation.

### III. Analysis

Mr. Good Soldier's supervised release should be revoked because he admitted violating its conditions. Mr. Good Soldier should be sentenced to 12 months of custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust. Based on the parties' recommendation and Mr. Good Soldier's apparent inability or unwillingness to comply with the conditions of his release, the undersigned concludes additional supervised release is not appropriate in this case.

### IV. Conclusion

Mr. Good Soldier was advised that the above sentence would be recommended to Judge Morris. The undersigned reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.

The undersigned explained that Judge Morris would consider Mr. Good Soldier's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Good Soldier's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> 1. Charles Good Soldier violated Standard Condition 2 of his supervised release by failing to report to his probation officer on March 17, 2015.
>
> 2. Charles Good Soldier violated Standard Condition 7 of his supervised release by testing positive for marijuana and methamphetamine on December 9, 2014, using marijuana in January 2015, and testing positive for marijuana on February 5, 2015.
>
> 3. Charles Good Soldier violated Special Condition 1 of his supervised release by failing to report for substance abuse testing on December 26, 2014, December 29, 2014, December 31, 2015, January 15, 2015, January 28, 2015, February 16, 2015, March 12, 2015, and March 17, 2015.
>
> 4. Charles Good Soldier violated Special Condition 2 of his supervised release by failing to report for substance abuse treatment on January 15, 2015, January 29, 2015, February 19, 2015, and March 5, 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Good Soldier's supervised release and committing Mr. Good Soldier to the custody of the United States Bureau of Prisons for 12 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

# RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 18th day of August, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge